IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDERICK WEATHERSPOON, ) | |
| ID # 03059920, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:04-CV-1958-D |
| ) | |
| DALLAS COUNTY JAIL, et al., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, an inmate in the Dallas County Jail, commenced this action in September 2004 when he filed a civil complaint against the jail and two of its departments. (*See* Compl. at 1.) On October 21, 2004, the Court received an amended complaint wherein plaintiff dropped these defendants and added Sheriff Jim Bowles (former Sheriff of Dallas County) and a "Mr. Stricklen" as defendants in this action. (*See* Am. Compl. at 1-2.) On May 23, 2005, the Court received plaintiff's answers to interrogatories propounded by the Court. (*See* Answers to Magistrate Judge's Questionnaire (MJQ).)[1] Plaintiff therein sets forth the factual basis for his claims and clarifies that not only does he seek money damages for "mental pain and suffering", but he also seeks compensatory and punitive damages. (*See* Answers to Questions 1-3 of MJQ.) He concedes that he has suffered no

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

physical injuries related to the claims raised in the instant action. (*See* Answer to Question 4 of MJQ.)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.* In addition, 42 U.S.C. § 1997e(c) provides for sua sponte dismissal of

> any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D.

Tex. 2000). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under § 1915(e)(2)(B), § 1915A(b), or Fed. R. Civ. P. 12(b)(6) or (c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n.8 (5th Cir. 2002) (noting that the standards under Rules 12(b)(6) and 12(c) are the same); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (recognizing the standards are the same under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6)), *cert. denied*, 537 U.S. 1049 (2002); *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (same); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards are the same under §§ 1915(e)(2)(B)(ii) and 1915A; Rule 12(b)(6); and 42 U.S.C. § 1997e(c)). Utilizing these standards, the Court proceeds to consider plaintiff's claims.

### III. SECTION 1983 RELIEF

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against a former county sheriff and an employee of the Dallas County Jail for alleged violations of his First Amendment right of religious freedom. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff claims that defendants have denied him Islamic religious services and the right to practice his religion. (*See* Answers to Questions 1 and 2 of MJQ.) He seeks monetary damages for

3

such denials. (*See* Answer to Question 3 of MJQ.) He concedes that he has suffered no physical injury related to the claims raised in this action. (*See* Answer to Question 4 of MJQ.)

Pursuant to 42 U.S.C. § 1997e(e), there must be a physical injury in order for a prisoner to assert a claim upon which monetary damages can be granted under § 1983 for conditions of confinement. *See Jones v. Greninger*, 188 F.3d 322, 326 n.3 (5th Cir. 1999). The physical injury requirement applies to all federal civil actions, including those that arise under the First Amendment. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) (applying the requirement to bar a First Amendment claim of mail tampering). The "physical injury requirement of § 1997e(e)" bars recovery for monetary damages for mental and emotional injuries. *Id.* at 374.

Because plaintiff has suffered no physical injury, his claims for monetary relief are barred by the physical injury requirement of 42 U.S.C. § 1997e(e). Consequently, his claims should be summarily dismissed. *See Geiger*, 404 F.3d at 373-75.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

**SIGNED this 15th day of July, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE